IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00697-GPG

VISITH NY,

      Applicant,

v.

RANDY LIND, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

ORDER OF DISMISSAL

---

Applicant, Visith Ny, is a prisoner in the custody of the Colorado Department of Corrections.  Mr. Ny has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) and a Memorandum in Support of Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2254 for Points and Authorities (ECF No. 4). Mr. Ny is challenging the validity of his conviction in Denver District Court case number 99CR4640.

On April 7, 2015, Magistrate Judge Gordon P. Gallagher ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action.  On April 27, 2015, Respondents filed their Pre-Answer Response (ECF No. 10) arguing that the application is untimely and that some of Mr. Ny's claims are unexhausted and procedurally defaulted.  On May 15, 2015, Mr. Ny filed his Reply to

Pre-Answer Response (ECF No. 11).

The Court must construe the application and other papers filed by Mr. Ny liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action as untimely.

A jury found Mr. Ny guilty of two counts of first degree extreme indifference murder and the trial court sentenced him to concurrent terms of life in prison without the possibility of parole.  The Colorado Court of Appeals described the factual background as follows:

> Defendant was involved in an ongoing dispute with two brothers.  The brothers accused defendant of burglarizing their home and both of them threatened defendant's life.  Defendant believed that the brothers had stolen his car in retaliation, and he was aware that they were members of a gang.

> At a night club, one of the brothers confronted defendant and asked him to go outside.  According to defendant, once outside, the brother admitted to stealing defendant's car, and defendant punched him in the face.  A fight ensued but was quickly broken up by off-duty police officers working at the club.  Defendant was told to leave.

> Defendant's friends had joined him outside, and as the three of them were going to the car they noticed a large group of people following them.  Defendant hid inside his friend's car.  The group, which included the other brother, surrounded the car and yelled threats and insults at defendant.  When the brother opened the car door, defendant pointed a gun at him.  The group did not disperse, but instead continued to threaten and insult defendant.

> A fight then ensued between the group and defendant's friends.  Defendant fired five shots, fatally

2

> wounding two members of the crowd.  Both the victims were
> associates of the brothers and were gang members.

*People v. Ny*, No. 09CA2167, slip op. at 2-3 (Colo. App. June 6, 2013) (ECF No. 10-9 at

3-4).  The Colorado Court of Appeals affirmed the judgment of conviction on direct

appeal.  *See People v. Ny*, No. 00CA0863 (Colo. App. June 20, 2002) (ECF No. 4 at

30-40).  On March 17, 2003, the Colorado Supreme Court denied Mr. Ny's petition for

writ of certiorari on direct appeal.  (*See* ECF No. 4 at 55.)

On July 28, 2008, Mr. Ny filed in the trial court a postconviction motion pursuant

to Rule 35(c) of the Colorado Rules of Criminal Procedure.  (*See* ECF No. 10-1 at 12.)

Mr. Ny claimed in the Rule 35(c) motion "that he received ineffective assistance of

counsel and that counsel had a conflict of interest."  (ECF No. 10-9 at 2.)

> Following a five-day evidentiary hearing, the trial court held
> that defendant had received constitutionally effective
> representation and that he had not demonstrated an actual
> conflict of interest on the part of trial counsel.
>
> This division affirmed the order denying defendant's
> Crim. P. 35(c) motion based on alleged ineffective
> assistance of counsel.  *People v. Ny*, (Colo. App. No.
> 09CA2167, Dec. 15, 2011) (not published pursuant to C.A.R.
> 35(f)).
>
> On January 7, 2012, the supreme court granted
> defendant's petition for writ of certiorari, vacated this
> division's judgment, and remanded the case to this court for
> reconsideration in light of *Hagos v. People*, 2012 CO 63, 288
> P.3d 116.

(ECF No. 10-9 at 2-3.)  On remand, the Colorado Court of Appeals again affirmed the

trial court's order denying Mr. Ny's Rule 35(c) motion.  (*See id.*)  Mr. Ny filed another

petition for writ of certiorari that the Colorado Supreme Court denied on April 28, 2014.

(*See* ECF No. 10-1 at 5.)

Mr. Ny initiated this action on April 3, 2015.  He first claims trial counsel were ineffective in ten specific ways: (1) by presenting a defense that was unavailable as a matter of law; (2) by failing to investigate the facts of the case; (3) by failing to call witnesses favorable to the defense; (4) by failing to litigate and investigate the facts of the case regarding the gang issues; (5) by failing to review discovery material that led to false testimony by the state's expert witness; (6) by failing to review or suppress Mr. Ny's statement and properly advise or prepare Mr. Ny to testify or not; (7) because of unprofessional conduct of the Public Defender's Office; (8) by failing to object to the prosecution's misstatement of the law; (9) by failing to object to erroneous jury instructions; and (10) by failing to submit theory of defense instructions.  Mr. Ny asserts two other claims in which he alleges one of the attorneys who represented him had an actual conflict of interest that adversely affected her performance (claim two) and that trial counsel failed to disclose the conflict to her supervisor or the court and failed to obtain from Mr. Ny a waiver regarding the conflict (claim three).

As noted above, Respondents argue that the application is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  That statute provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was

prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period the Court first must determine the date on which Mr. Ny's conviction became final.  *See* 28 U.S.C. § 2244(d)(1)(A).  In general, a conviction becomes final following a decision by the state court of last resort on direct appeal when the United States Supreme Court denies review, or, if no petition for writ of certiorari is filed, when the time for seeking such review expires.  *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).

Pursuant to Rule 13.1 of the Rules of the Supreme Court of the United States, Mr. Ny had ninety days to seek review in the United States Supreme Court after the Colorado Supreme Court denied his petition for writ of certiorari on direct appeal on March 17, 2003, but he did not do so.  Therefore, Mr. Ny's conviction became final when the time for filing a petition for writ of certiorari to the United States Supreme Court expired.  Because the ninetieth day after March 17, 2003, was Sunday, June 14,

2003, the filing deadline extended one additional day until Monday, June 15, 2003. *See* Sup. Ct. R. 30.1.

Mr. Ny does not allege or argue that he was prevented by unconstitutional state action from filing this action sooner and he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(B) & (C). Mr. Ny does allege that the ineffective assistance of counsel claims he is asserting "appeared" when he filed his state court postconviction Rule 35(c) motion on July 28, 2008. (*See* ECF No. 11 at 2.) However, he fails to allege facts that demonstrate he did not know and could not have discovered the factual predicate for his claims prior to June 15, 2003, when his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(D). Therefore, the Court finds that the one-year limitation period began to run when Mr Ny's conviction became final on June 15, 2003.

Mr. Ny did not initiate this action within one year after June 15, 2003. Therefore, the next question the Court must address is whether the one-year limitation period was tolled for any period of time. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing,

> such as satisfying any filing preconditions that may have
> been imposed on an abusive filer; and (4) other conditions
> precedent that the state may impose upon the filing of a
> post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (footnote omitted).

The issue of whether a state court postconviction motion is pending for the purposes of § 2244(d)(2) is a matter of federal law, but "does require some inquiry into relevant state procedural laws." *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." *Gibson*, 232 F.3d at 804.

In addition to statutory tolling under § 2244(d)(2), the one-year limitation period also may be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Generally, equitable tolling is appropriate if the petitioner shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). A showing of excusable neglect is not sufficient to justify equitable tolling. *See Gibson*, 232 F.3d at 808. Furthermore, in order to demonstrate he pursued his claims diligently, the petitioner must "allege with specificity 'the steps he took to diligently pursue his federal

7

claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. Ny did not file any postconviction motions in state court until July 28, 2008, when he filed his Rule 35(c) motion.  Because the Rule 35(c) motion was filed more than four years after the one-year limitation period already had expired on June 15, 2004, the Rule 35(c) motion did not toll the one-year limitation period.  *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that properly filed state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period).

Mr. Ny argues, however, that this action should not be dismissed as untimely because his Rule 35(c) motion was timely under state law and he filed the instant action within one year after the state court postconviction proceedings ended.  This argument lacks merit because the one-year limitation period runs in accordance with federal law as discussed in this order.  The fact that the Rule 35(c) motion was timely as a matter of state law does not alter the Court's analysis.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (§ 2244(d) does not permit restarting a filing period that expired before a timely state petition was filed).

Finally, Mr. Ny fails to present any argument that might justify equitable tolling of the one-year limitation period.  He does not allege facts that demonstrate he pursued his claims diligently and he fails to identify any extraordinary circumstance that prevented him from filing in a timely manner.

In conclusion, the application is barred by the one-year limitation period in § 2244(d) and will be dismissed for that reason.  Because the entire action will be

dismissed as untimely, the Court will not address Respondents' alternative argument that some of Mr. Ny's claims are unexhausted and procedurally defaulted.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is dismissed as untimely.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this _26th_ day of ____May_____, 2015.

BY THE COURT:


　　s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court